J-S60007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUNIOR THOMPSON, | |
| Appellant | No. 59 EDA 2015 |

Appeal from the PCRA Order Entered December 30, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0205831-1991

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 20, 2015**

Appellant, Junior Thompson, appeals from the court's December 30, 2014 order dismissing, as untimely, his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  In this appeal, Appellant claims the PCRA court erred when it dismissed his PCRA petition as untimely, despite Appellant's reliance on the newly-recognized constitutional right exception to the PCRA's one-year filing deadline.  Appellant alleges that the Supreme Court of the United States created a newly-recognized constitutional right in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), that permits Appellant to invoke the timeliness exception to the PCRA's time-bar, 42 Pa.C.S. § 9545(b)(1)(iii).  After careful review, we agree with the PCRA court that *Lafler* does not afford Appellant relief under this exception.  Accordingly, we affirm the denial of his untimely petition.

The PCRA court summarized the pertinent procedural history of Appellant's case as follows:

On November, 4, 1991, [Appellant] was convicted by a jury sitting before Judge John J. Poserina of murder of the first degree, aggravated assault, simple assault, possessing an instrument of crime, and two counts of criminal conspiracy. On October 23, 1992, [Appellant] was sentenced to a term of life imprisonment [without the possibility of parole] on the murder of the first degree conviction. He received consecutive lesser terms on the remaining offenses.[1]

_____

[1] [Appellant]'s conviction arose from a killing that occurred in Philadelphia on December 19, 1990. [Appellant] asserts that he was offered a plea bargain of 7½ to 15 years of incarceration in exchange for a guilty plea to the crimes of third-degree murder and related offenses. He claims that he rejected the Commonwealth's offer because his trial counsel advised him against it on the grounds that the Commonwealth supposedly lacked the evidence to convict him.

_____

On May 31, 1994, the Superior Court affirmed [Appellant]'s judgments of sentence,[2] and on March 28, 1996, the Pennsylvania Supreme Court denied allowance of appeal.[3] [Appellant] did not seek discretionary review in the U.S. Supreme Court within 90 days. His judgments of sentence, therefore, became final on June 26, 1996, after the time for seeking review at the U.S. Supreme Court had expired.[4]

_____

[2] *Commonwealth v. Thompson*, 436 Pa. Super. 669, 648 A.2d 1238 (1994).

[3] *Commonwealth v. Thompson*, 543 Pa. 634, 674 A.2d 217 (1996).

[4] [Appellant] thereby had until June 26, 1997, to file a timely first PCRA petition.

_____

Thereafter, [Appellant] filed a petition for a writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania. On December 24, 1997, the writ was denied by the Honorable Jay C. Waldman. On May 26, 1998, the United States Court of Appeals for the Third Circuit denied [Appellant]'s application for a certificate of appealability.

On May 4, 1999, [Appellant] filed *pro se* his first petition under the [PCRA]. [Appellant]'s newly-appointed counsel determined that his PCRA petition was untimely and that it did not fall under any of the exceptions to the PCRA's timeliness requirements. Accordingly, [Appellant]'s counsel filed a "no-merit" letter pursuant to **Commonwealth v. Finley**, 379 Pa. Super. 390, 550 A.2d 213 (1988). On January 24, 2000, Judge Poserina dismissed [Appellant]'s PCRA petition as untimely.

On August 29, 2000, [Appellant] filed his second PCRA petition *pro se*, seeking *nunc pro tunc* reinstatement of his right to appeal the denial of relief from his first PCRA petition. The petition was granted on September 29, 2000. On September 4, 2002, the Superior Court affirmed the denial of PCRA relief.[5] On December 17, 2002, the Pennsylvania Supreme Court denied [Appellant]'s petition for allowance of appeal.[6]

____

[5] **Commonwealth v. Thompson**, 813 A.2d 910 (Pa. Super. 2002).

[6] **Commonwealth v. Thompson**, 572 Pa. 724, 814 A.2d 677 (2002).

____

On May 26, 2011, [Appellant] filed *pro se* his third PCRA petition. On September 22, 2011, his petition was dismissed as untimely by the Honorable Sheila Woods-Skipper. On April 11, 2012, the Superior Court affirmed the denial of PCRA relief.[7]

____

[7] **Commonwealth v. Thompson**, 48 A.3d 474 (Pa. Super. 2012).

____

On May 7, 2012, [Appellant] filed *pro se* his fourth PCRA petition. On November 19, 2013, Mitchell Scott Strutin, Esquire, was appointed to represent [Appellant]. On May 16, 2014, Attorney Strutin filed an Amended Post Conviction Petition with

Memorandum of Law on [Appellant]'s behalf. On August 6, 2014, the Commonwealth filed a Motion to Dismiss [Appellant]'s Fourth PCRA Petition.

On November 20, 2014, this court issued a notice of its intent to dismiss [Appellant]'s petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On December 31, 2014, after conducting a review of the record, this court dismissed [Appellant]'s PCRA petition as untimely.[8] On January 1, 2015, [Appellant] filed a timely Notice of Appeal.

_____

[8] This dismissal includes [Appellant]'s original PCRA petition and the amended PCRA petition.

PCRA Court Opinion (PCO), 3/17/15, at 1-3.

The PCRA court did not issue an order directing Appellant to file, nor did Appellant file, a Pa.R.A.P. 1925(b) statement. The trial court issued its Rule 1925(a) opinion on March 17, 2015. Appellant now presents the following question for our review:

Is … [A]ppellant entitled to post-conviction relief in the form of a new trial, the opportunity to enter a guilty plea or a remand for an evidentiary hearing since trial counsel was ineffective when he failed to properly and fully advise … [A]ppellant with regard to a plea offer made by the prosecutor?

Appellant's Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a "PCRA court may decline to hold a

- 4 -

hearing if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001).

We initially examine whether the PCRA court correctly concluded that Appellant's serial PCRA petition was untimely. The timeliness of a PCRA petition is a jurisdictional requirement. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. ***Id.*** "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. ***Id.***

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." ***Gamboa-Taylor***, 753

A.2d at 783. ***See also*** 42 Pa.C.S. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Instantly, Appellant maintains that ***Lafler*** provides a new constitutional right that satisfied the exception to the PCRA's timeliness requirement as set forth in 42 Pa.C.S. § 9545(b)(1)(iii) ("[T]he right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."). In ***Lafler***, the Supreme Court of the United States held that a defendant is entitled to the effective assistance of counsel during plea-bargaining, and that ineffectiveness during plea-bargaining is not cured if the defendant subsequently receives a fair trial. ***See Lafler***, 132 S.Ct. at 1388.

Relying on ***Lafler***, Appellant alleges that his trial counsel ineffectively advised him to fight first-degree murder charges at trial instead of accepting a plea agreement that would have had him plead guilty to third-degree murder and related charges in exchange for a sentence of 7½ to 15 years' incarceration. Appellant filed his PCRA petition raising this claim for relief on

May 7, 2012, which was within 60 days of when *Lafler* was filed, ostensibly satisfying the requirement set forth in 42 Pa.C.S. § 9545(b)(2).

However, this Court determined in *Commonwealth v. Feliciano*, 69 A.3d 1270 (Pa. Super. 2013), that neither *Lafler* nor its companion case, *Missouri v. Frye*, 132 S.Ct. 1399 (2012), created a new constitutional right. *Feliciano*, 69 A.3d at 1277. "Instead, these decisions simply applied the Sixth Amendment right to counsel, and the *Strickland* test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, *i.e.* where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment." *Id.* Thus, we held in *Feliciano* that neither *Lafler* nor *Frye* could satisfy the exception set forth in 42 Pa.C.S. § 9545(b)(1)(iii). On this basis, the PCRA court rejected Appellant's reliance on section 9545(b)(1)(iii) and, consequently, dismissed his PCRA petition as untimely. PCO, at 8-9.[1]

Appellant acknowledges our holding in *Feliciano* and its applicability in this case. Appellant's Brief at 10-11. Nevertheless, he argues that

---

[1] The PCRA court also found that even if *Lafler* did create a new constitutional right, that decision has not been held to apply retroactively. PCO, at 9 (citing *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 502 (Pa. 2002) (holding that a new rule of constitutional law formulated by the United States Supreme Court does not satisfy section 9545(b)(1)(iii) unless the Supreme Court has specifically held that right to apply retroactively)).

*Feliciano* "was wrongly decided." Appellant's Brief at 11.[2] However, "[t]his panel is not empowered to overrule another panel of the Superior Court." *Commonwealth v. Beck*, 78 A.3d 656, 659 (Pa. Super. 2013). As such, we conclude that *Feliciano* is binding authority on this Court and that, as such, we cannot now adjudicate whether *Feliciano* was wrongly decided. To challenge the holding in *Feliciano*, Appellant must petition for *en banc* review and/or seek review in our Supreme Court.

Accordingly, we conclude that the PCRA court's dismissal of Appellant's PCRA petition, as untimely, was free of legal error and supported by the record. Applying *Feliciano*, Appellant is precluded from invoking *Lafler* to satisfy the exception to the PCRA's timeliness requirements set forth in 42 Pa.C.S. § 9545(b)(1)(iii).

Order *affirmed*.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2015

_____

[2] Appellant also contends that other decisions by the Superior Court that applied *Feliciano*'s reasoning regarding the effect of *Lafler* and *Frye* on the PCRA's time-bar, such as *Commonwealth v. Hernandez*, 79 A.3d 649 (Pa. Super. 2013), should also be reconsidered.